UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID J. GORMAN,<br>JOHN W. JOUTHE,<br>HENRY F. GUILMEUS, and<br>JEAN METELLUS,<br>Individually and on behalf of other<br>Similarly situated individuals,<br><br>          Plaintiffs,<br><br>v.<br><br>EXPRESS COURIER, INC.,<br><br>          Defendant.<br><br>EXPRESS COURIER SYSTEMS, INC.,<br><br>          Counterclaim Plaintiff,<br><br>v.<br><br>HENRY F. GUILMEUS, and<br>JEAN METELLUS,<br><br>          Counterclaim<br>          Defendants. | Case No. 08 CV 11005 EFH |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
SUPPLEMENTAL COMPLAINT, COMPENSATORY AND
INJUNCTIVE RELIEF REQUESTED, AND JURY DEMAND,
<u>AND AMENDED COUNTERCLAIM</u>**

## <u>ANSWER</u>

Defendant, Express Courier Systems, Inc. ("Express Courier"), by counsel, pursuant to Fed. R. Civ. P. 8(b), and for its Answer to Plaintiffs' Supplemental Complaint, Compensatory and Injunctive Relief Requested, and Jury Demand ("Supplemental Complaint"), states as follows:

# I.

# INTRODUCTION

1. Express Courier admits that Plaintiffs are challenging Express Courier's classification of its drivers as independent contractors in violation of M.G.I. ch. 149, § 148, but Express Courier denies that it has misclassified the drivers and therefore denies the remaining allegations contained in paragraph 1 of the Supplemental Complaint.

# II.

# PARTIES

2. Express Courier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Supplemental Complaint, and therefore denies the same.

3. Express Courier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Supplemental Complaint, and therefore denies the same.

4. Express Courier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Supplemental Complaint, and therefore denies the same.

5. Express Courier admits that Plaintiffs are purporting to bring this action on their own behalf and in their representative capacities on behalf of a proposed class of similarly situated Express Courier contractors, but Express Courier denies that either class certification, collective action certification, or substantive relief is proper, and Express Courier therefore denies the remaining allegations contained in paragraph 5 of the Supplemental Complaint.

6. Express Courier admits Plaintiffs have defined the class as stated, but denies the class should be certified and denies the remaining allegations contained in paragraph 6 of the Supplemental Complaint.

7. Express Courier denies the allegations contained in paragraph 7 of the Supplemental Complaint.

### IV. [sic]

### JURISDICTION AND VENUE

8. Express Courier admits the material allegations contained in paragraph 8 of the Supplemental Complaint.

9. Express Courier denies the material allegations contained in paragraph 9 of the Supplemental Complaint.

10. Express Courier admits the material allegations contained in paragraph 10 of the Supplemental Complaint.

11. Express Courier admits that venue is proper in this Court but denies the remaining allegations contained in paragraph 11 of the Supplemental Complaint.

### III. [sic]

### STATEMENT OF FACTS

12. Express Courier admits that Plaintiff David Gorman ("Gorman") met with representatives of Express Courier in Boxborough, Massachusetts, in or about March of 2006, and that Gorman contracted with Express Courier. Express Courier is without knowledge or information sufficient to form a belief as to whether Gorman responded to an ad, and Express Courier denies the remaining allegations contained in paragraph 12 of the Supplemental Complaint.

13. Express Courier admits that Plaintiffs, Henry Guilmeus ("Guilmeus"), John Jouthe ("Jouthe"), and Jean Metellus ("Metellus"), contracted with Express Courier in or about October 2006, January 2007, and March 2007, respectively, but Express Courier denies the remaining allegations contained in paragraph 13 of the Supplemental Complaint.

14. Express Courier admits the allegations contained in paragraph 14 of the Supplemental Complaint.

15. Express Courier admits that Plaintiffs signed an agreement that included an indemnification clause and that Plaintiffs have accurately quoted the relevant portion of the clause, but Express Courier denies the remaining allegations contained in paragraph 15 of the Supplemental Complaint.

16. Express Courier admits that it alleges the Plaintiffs are independent contractors, but Express Courier denies the remaining allegations contained in the first two sentences of paragraph 16 of the Supplemental Complaint.

   a. Express Courier denies the allegations contained in paragraph 16(a) of the Supplemental Complaint.

   b. Express Courier admits that the Plaintiffs are informed about Express Courier's customers' requirements and the parties' contractual relationship, but Express Courier denies the remaining allegations contained in paragraph 16(b) of the Supplemental Complaint.

   c. Express Courier admits that the Plaintiffs and Express Courier have entered into various agreements which set forth the parties' respective rights and responsibilities, but Express Courier denies the allegations contained in paragraph 16(c) of the Supplemental Complaint.

    d.    Express Courier admits that it employs individuals who interact with Plaintiffs but denies the remaining allegations contained in paragraph 16(d) of the Supplemental Complaint.

    e.    Express Courier admits that certain Plaintiffs at certain times would be required by an Express Courier customer to be available to make a delivery, but Express Courier denies the remaining allegations contained in paragraph 16(e) of the Supplemental Complaint.

    f.    Express Courier denies the allegations contained in paragraph 16(f) of the Supplemental Complaint.

    g.    Express Courier denies the allegations contained in paragraph 16(g) of the Supplemental Complaint.

    h.    Express Courier admits that it handled pricing, billing, invoicing, and payment with its customers, but denies the remaining allegations contained in paragraph 16(h) of the Supplemental Complaint.

17.    Express Courier admits that Gorman provided services for Express Courier from March 2006 to the present, Guilmeus from October 2006 to January 2008, Jouthe from January 2007 to February 2008, and Metellus from March 2007 to August 2007, but Express Courier denies the remaining allegations contained in paragraph 17 of the Supplemental Complaint.

18.    Express Courier denies the allegations contained in paragraph 18 of the Supplemental Complaint.

19.    Express Courier states that Plaintiffs were compensated properly and denies the remaining allegations contained in paragraph 19 of the Supplemental Complaint.

20.    Express Courier denies the allegations contained in paragraph 20 of the Supplemental Complaint.

21.     Express Courier admits that Gorman had heart health issues, but denies the remaining allegations contained in paragraph 21 of the Supplemental Complaint.

22.     Express Courier denies the allegations contained in paragraph 22 of the Supplemental Complaint.

23.     Express Courier denies the allegations contained in paragraph 23 of the Complaint.

### IV. [sic]

### SIMILARLY SITUATED EMPLOYEES

24.     Express Courier admits that Plaintiffs are purporting to bring this action on their own behalf and in their representative capacities on behalf of a proposed class of similarly situated Express Courier contractors, but Express Courier denies that either class certification, collective action certification, or substantive relief is proper, and Express Courier therefore denies the remaining allegations contained in paragraph 24 of the Supplemental Complaint.

25.     Express Courier denies the allegations contained in paragraph 25 of the Supplemental Complaint.

### COUNT I

### Declaratory Judgment

Express Courier denies the allegations contained in Count I of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

### COUNT II and COUNT II [sic]

### (M.G.L. ch. 149, § 148B)

Express Courier denies the allegations contained in Count II and Count II (sic) of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT III

### (M.G.L. ch. 151, § 1A)

Express Courier denies the allegations contained in Count III of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT IV

### (29 U.S.C. § 201)

Express Courier denies the allegations contained in Count IV of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT V

### (M.G.L. ch. 15, § 34)

Express Courier denies the allegations contained in Count V of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT VI

### (Federal Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*)

Express Courier denies the allegations contained in Count VI of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT VII

### (FLSA Retaliation, 29 U.S.C. § 215(a)(3))

Express Courier denies the allegations contained in Count VII of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

## COUNT VIII

### (Retaliation Under M.G.L. ch 149, § 148(A))

Express Courier denies the allegations contained in Count VIII of the Supplemental Complaint and further denies that Plaintiffs are entitled to any relief.

WHEREFORE, Express Courier respectfully requests that Plaintiffs take nothing by way of the Supplemental Complaint, for an award of attorney fees and costs of this action in favor of Express Courier, and for all other necessary and proper relief.

## **AFFIRMATIVE DEFENSES**

Express Courier, by counsel, pursuant to Fed. R. Civ. P. 8(c), and for its Affirmative Defenses to Plaintiffs' Supplemental Complaint, states as follows:

1. Plaintiffs have failed to name the proper Defendant.

2. As independent contractors, Plaintiffs are not entitled to any of the relief requested.

3. The Supplemental Complaint should be dismissed because Plaintiffs have failed to exhaust all administrative remedies available and are required to secure the benefits and protections to which they claim to have been entitled pursuant to Massachusetts law.

4. The Supplemental Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiffs claim to have been entitled, including Plaintiffs' entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction of certain Massachusetts state administrative agencies.

5. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

6. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

7. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

8. Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

9. Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

10. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

11. Some or all of Plaintiffs' claims are barred to the extent they are preempted by federal statutes and regulations.

12. Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of Express Courier.

13. Some or all of Plaintiffs' claims should be reduced by the doctrine of set off.

14. Plaintiffs are not entitled to any penalty award under any federal or Massachusetts statutory provision because at all times relevant and material herein, Express Courier acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of any federal or Massachusetts statute.

15. Express Courier will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Express Courier respectfully requests that Plaintiffs take nothing by way of their Supplemental Complaint, for an award of attorney fees and costs of this action, and for all other necessary and proper relief.

## COUNTERCLAIM

Counterclaim Plaintiff, Express Courier Systems, Inc. ("Express Courier"), by counsel, pursuant to Fed.R.Civ.P. 13, and for its Counterclaim against the Counterclaim Defendants, Henry F. Guilmeus ("Guilmeus") and Jean Metellus ("Metellus"), states as follows:

### Parties

1. Express Courier is a provider of dedicated outsourcing service solutions to the medical industry and major corporations throughout the East Coast of the United States.

2. Guilmeus and Metellus are independent contractors who provided transportation services for Express Courier to facilitate deliveries for Express Courier's customers.

**Jurisdiction and Venue**

3.     This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Supplemental Complaint that they form a part of the same case and controversy under Article III of the U.S. Constitution.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

**I.**

**Counterclaim Against Metellus**

5.     Express Courier incorporates by reference the allegations contained in paragraphs 1 through 4 of the Counterclaim.

6.     During the time Metellus contracted with Express Courier, Metellus claimed that he provided transportation services on behalf of Express Courier for its customer Veteran's Administration of Boston ("VA of Boston") 220 times.

7.     Metellus did not provide transportation services any of those 220 times.

8.     Express Courier paid Metellus $3,960.00 for these 220 times Metellus claimed he performed transportation services when he did not perform those services.

9.     Express Courier has been damaged in the amount of $3,960.00.

10.    Express Courier lost a portion of the VA of Boston business as a result of Metellus failing to provide the requisite transportation services.

11.    Express Courier has suffered damages as a result of Metellus' failure to provide the requisite transportation services.

WHEREFORE, Express Courier respectfully requests judgment against Metellus in the amount of $3,960.00 and for damages incurred as a result of Metellus' failure to provide the requisite transportation services on Express Courier's behalf for VA of Boston, pre- and post-

judgment interest, attorneys' fees, costs of this action, and for all other necessary and proper relief.

## II.

## Counterclaim Against Guilmeus

12. Express Courier incorporates by reference the allegations contained in paragraphs 1 through 4 of the Counterclaim.

13. Guilmeus entered into a Confidentiality, Non-Disclosure and Non-Back Solicitation Agreement dated October 31, 2006 (the "Guilmeus Back Solicitation Agreement").

14. Attached as Exhibit A is a true and accurate copy of the Guilmeus Back Solicitation Agreement.

15. In or about January, 2008, Express Courier lost its contract with Newton Wellesley Hospital (the "Hospital").

16. Guilmeus had provided services as an independent contractor on behalf of Express Courier for the Hospital.

17. In or about January, 2008, Guilmeus began providing independent contractor services directly for the Hospital (the "Guilmeus Hospital Services").

18. Guilmeus' acts of directly providing the Guilmeus Hospital Services were prohibited under the Guilmeus Back Solicitation Agreement.

19. Guilmeus breached the Guilmeus Back Solicitation Agreement by providing the Guilmeus Hospital Services.

20. Express Courier has suffered damages as a result of Guilmeus providing the Guilmeus Hospital Services.

WHEREFORE, Express Courier respectfully requests judgment against Guilmeus for damages incurred as a result of Guilmeus' breach of the Guilmeus Back Solicitation Agreement,

pre- and post-judgment interest, attorneys' fees, costs of this action, and for all other necessary and proper relief.

Dated:  March 12, 2009                           Respectfully submitted,


                                                 */s/ Robert L. Browning*
                                                 Daniel C. Winston (BBO #562209)
                                                 dwinston@choate.com
                                                 Russell J. Edelstein (BBO #663227)
                                                 redelstein@choate.com
                                                 CHOATE, HALL & STEWART LLP
                                                 Two International Place
                                                 Boston, MA  02110
                                                 Phone:  (617) 248-5000
                                                 Fax:  (617) 248-4000

                                                         -and-

                                                 James H. Hanson, Ind. Bar # 8100-49
                                                 jhanson@scopelitis.com
                                                 Robert L. Browning, Ind. Bar #15128-49
                                                 rbrowning@scopelitis.com
                                                 SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
                                                 10 West Market Street, Suite 1500
                                                 Indianapolis, IN 46204
                                                 Phone:  (317) 637-1777
                                                 Fax:  (317) 687-2414
                                                 *Attorneys for Defendant and Counterclaim Plaintiff, Express Courier Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Tod A. Cochran, BBO #643165
Harold L. Lichten, BBO #549689
Shannon E. Liss-Riordan, BBO # 640716
PYLE, ROME, LICHTEN, EHRENBERG &
    LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA  02108
Ph:  (617) 367-7200
tcochran@prle.com
hlichten@prle.com
sliss@prle.com


                    */s/ Robert L. Browning*
                    Attorney

H:\Users\leineman\BOB - Clients\Atlantic Street 13560\Express Courier\by Gorman (.2)\Pleadings\Amended Answer Suppl Complaint.doc